UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shirley Leibelt and David Leibelt, wife and husband, | Civil No. 04-3108 (SRN/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Wyeth d/b/a Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Pharmacia & Upjohn Company, Pfizer, Inc., Barr Pharmaceuticals, Inc., and Greenstone Lab, | |
| Defendants. | |

Charles S. Zimmerman & Ronald S. Goldser, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, counsel for Plaintiffs

Carrie L. Hund & Edward F. Fox, Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, counsel for Defendants Wyeth, Wyeth Pharmaceuticals, Pharmacia & Upjohn Company and Pfizer, Inc., and Greenstone Lab

Jan R. McLean Bernier & Tracy J. Van Steenburgh, Nilan, Johnson, Lewis, PA, 120 South Sixth Street, Suite 400, Minneapolis, Minnesota 55402, counsel for Defendant Barr Pharmaceuticals, Inc.

**INTRODUCTION**

This is one of many product-liability actions filed in the District of Minnesota related to injuries allegedly caused by the ingestion of the hormone replacement therapy medication, specifically Premarin and Medroxyprogesterone Acetate ("MPA"). Plaintiffs Shirley and David Leibelt filed this action against Wyeth d/b/a Wyeth, Inc., Wyeth

Pharmaceuticals, Inc., Pharmacia & Upjohn Company, Greenstone Ltd., Barr Pharmaceuticals, and Pfizer, Inc. This case was originally consolidated into a multi-district litigation but has since been remanded. After remand, the Court issued an Order requiring the parties to brief the propriety of a transfer under 28 U.S.C. § 1404, given that it appears that the case lacks any discernable connection to Minnesota and that a transfer would likely promote the interest of justice. (Doc. No. 12.) Plaintiffs now request transfer to the United States District Court for the Southern District of California. Defendants oppose transfer from the District of Minnesota but explain that if the Court is inclined to transfer the case, they agree that it should be transferred to the Southern District of California. For the reasons stated below, the Court transfers this case to the Southern District of California.

## BACKGROUND

Plaintiffs are both residents of the State of California. (Compl. ¶ 5; Pls.' Submission Re Propriety of § 1404(a) Transfer ("Pl.'s Submission") at 13.) Defendants are pharmaceutical companies engaged in the design, manufacture, and distribution of hormone therapy drugs. (Compl. ¶¶ 6-7.) Defendants are Delaware corporations with their principal places of business in New York, New Jersey and Michigan. (*Id*. ¶¶ 6-7.)

According to the Complaint, Plaintiff Shirley Leibelt ingested hormone therapy drugs from 1994 to 2000. (*Id*. ¶¶ 5, 8.) Mrs. Leibelt was diagnosed with breast cancer in 2000. (*Id*.) Mrs. Leibelt contends that, as a result of ingesting the hormone therapy drugs, she developed breast cancer, resulting in personal injuries and damages. (*Id*.) In addition, Plaintiff David Leibelt asserts a claim of loss of consortium as a result of his

2

wife's diagnosis and injuries. (*Id.* ¶¶ 10, 49-50.) Plaintiffs maintain that Defendants manufactured the hormone therapy drugs ingested by Shirley Leibelt. (*Id.* ¶¶ 5, 8.) Mrs. Leibelt contends that she bought and ingested the hormone therapy products in California and that her treating physicians reside in California. (Pls.' Submission at 3, 8.)

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the Southern District of California. 28 U.S.C. § 1404(a). An action may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, the events giving rise to Plaintiffs' claim occurred in California, which is where Mrs. Leibelt bought and ingested hormone therapy products and where Plaintiffs and Mrs. Leibelt's treating physicians reside.

The Court also concludes that the convenience of the parties and witnesses favor transfer to the Southern District of California. Here, neither Plaintiffs nor Defendants reside in Minnesota. Nor have Plaintiffs alleged any other connection with the State. Moreover, the underlying facts related to Plaintiffs' ingestion of hormone replacement drugs and diagnosis and treatment for breast cancer occurred in California. The physicians and other medical personnel involved in Shirley Leibelt's care reside or practice in California.

In addition, other critical witnesses in this action will include experts and company witnesses. While many of these witnesses reside outside of California, there is no evidence that any reside in Minnesota. Therefore, these witnesses will be required to travel whether the trial is in Minnesota or California.

The Court must also evaluate what venue will best promote the interest of justice. *Graff*, 33 F. Supp. 2d at 1122. This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice-of-law issues, and the advantages of having a local court determine questions of local law. *See Terra Int'l,* 199 F.3d at 696. Here, Plaintiffs' choice of forum is given less protection since Plaintiffs do not reside in Minnesota, do not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota. *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 2006). Moreover, Plaintiffs have consented to the transfer of this action. Plaintiffs acknowledge that they filed this action in Minnesota to take advantage of this State's statute of limitations period. The Court notes, however,

4

that because Plaintiffs filed this action in Minnesota, the Minnesota statute of limitations will continue to govern in the transferee court so long as Plaintiffs are entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding that a transfer under § 1404(a) does not change the applicable law in a case founded on diversity jurisdiction).

The remaining considerations with respect to the interest of justice weigh in favor of transfer. For example, the substantive law of another state likely applies to Plaintiffs' claims, and the State of California has an interest in determining questions of local law and in protecting the rights of an individual who was injured in that state.

Based on the above, the Court concludes that the interest of justice strongly favors the transfer of this action to the Southern District of California.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. This action is transferred to the United States District Court for the Southern District of California.

2. The Clerk of Court is directed to effect the transfer.

Dated: June 1, 2011
                                         s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge